## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | :    CR. NO. 20-MJ-68-01 (APM) |
| v. | : |
| TAVONTE WILLIAMS, | : |
| Defendant. | : |

### UNOPPOSED MOTION FOR CHANGE IN RELEASE CONDITIONS

Defendant Tavonte Williams hereby moves this Court for an order changing his conditions of release from "home incarceration" under the High Intensity Supervision Program (HISP) to "home detention" under HISP. The government and the Pretrial Services Agency (PSA) do not oppose this request.

### Case Background

On April 23, 2020, Mr. Williams made his initial appearance on a criminal complaint for Unlawful Possession of a Firearm under 18 U.S.C. § 922(g). Due to health concerns and the ongoing pandemic, Mr. Williams agreed with the government to proceed to a detention hearing on that date and to continue his preliminary hearing until June 15, 2020. The government moved for Mr. Williams detention, and he opposed that request based on several factors, including his relatively minimal criminal history, his history of making court appearances, and his prior compliance history on probation. Mr. Williams asked the Court to release him into HISP, and PSA's recommendation was also that Mr. Williams be released into HISP and be placed on the "home detention" level of restrictions. The Court concluded that Mr. Williams should be released into HISP because, while firearms charges are serious, the charged offense here is

1

possessory and there was no evidence Mr. Williams used or threatened to use the firearm in this case, he had no prior convictions as an adult for violent or gun-related offenses, and, because PSA had confirmed that his probation on a prior matter was terminated satisfactorily in Superior Court, the government had failed in its attempt to show a history of non-compliance on probation. The Court released Mr. Williams into the "home incarceration" level of HISP restrictions, which provides that Mr. Williams is "restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances." *See* Order Setting Release Conditions, ECF Doc. No. 5, paragraph 7(p)(iii).

As required, Mr. Williams reported to PSA the next day for installation of his electronic monitoring device. Mr. Williams has remained at home since that time, and has been in full compliance with his monitoring and other release conditions, including the requirement of twice-weekly telephone check-ins with PSA.

### Request for Change in Conditions

Mr. Williams seeks a reduction in release conditions from "home incarceration" to "home detention." The Court's standard home detention release conditions generally provide: "You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office." *See* Order Setting Release Conditions, ECF Doc. No. 5, paragraph 7(p)(ii). These restrictions, while lesser than the 24-hour at-home requirement provided by "home incarceration," continue to provide robust restrictions and constant electronic monitoring. Mr. Williams has demonstrated perfect compliance with the full conditions of the Court's original release order in this case, and he also has a well-documented history of compliance on pre-trial and post-conviction release in

past cases. Mr. Williams seeks this step down in restrictions so that he can conduct essential activities, such as seek work, attend services, meet with counsel, and the other activities permitted under home detention.

After nearly a month of demonstrated consistent compliance, undersigned counsel asked the government on May 14, 2020 if the government would consent to reducing Mr. Williams' release conditions to "home detention." The government subsequently confirmed that, based on Mr. Williams compliance and history, and PSA's approval, the government would not oppose a step down to home detention for Mr. Williams. Further, undersigned counsel telephoned and wrote to the PSA to determine whether it would approve a reduction in HISP conditions for Mr. Williams. On May 15, 2020, PSA Supervisor Takeysha Robinson wrote to counsel and confirmed that PSA "does not oppose a reduction in his home incarceration to our initial request of home detention."

## Conclusion

For the reasons stated above, Mr. Williams asks that the Court enter an Order, substantially in the form attached hereto, providing that his release conditions be changed from "home incarceration" to "home detention," and that all other release conditions remain as originally entered on the Court's Order Setting Conditions of Release, entered April 23, 2020.

Dated: May 20, 2020                                  Respectfully Submitted,

/s/ John Marston
John P. Marston, DC Bar No. 493012
Foley Hoag, LLP
1717 K Street, NW
Washington, DC 20006
Telephone: 202-261-7321
Cell: 202-253-1104
Fax: 202-785-6687
jmarston@foleyhoag.com