**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          :
UNITED STATES OF AMERICA         :
                                          :
                                          :        No.: 20-cr-121 (CN)
v.                                        :
                                          :
TAVONTE WILLIAMS                 :
THEODORE DOUGLAS,               :
                                          :
                    Defendant.            :
_____:

**GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES**
**EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**
**AND TO IMPEACH THE DEFENDANTS WITH THEIR PRIOR CONVICTIONS**
**IF THEY TESTIFY AT TRIAL PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) and to Impeach the Defendants with Prior Convictions Pursuant to Fed. R. Evid. 609.   In support of this opposition, the United States relies on the points and authorities set forth below.

The Defendants have been charged by indictment with (1) one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1).   The firearm recovered in this case was constructively possessed by Defendants Williams and Douglas and their constructive possession of this item will be the central issue at trial.

Given that the knowing possession of the firearm by the defendants will be a disputed issue of fact, the Government seeks to present evidence that on prior occasions the Defendant Douglas

possessed firearms on prior occasions and that both defendant have previously communicated with each other about firearms.   This evidence will assist the Government in establishing that: (i) the defendants' possession of the firearm in this case was knowing, voluntary, and not the product of mistake. Consistent with well-established precedent, admission of the evidence is wholly appropriate because the prejudicial effect from the admission of this proffered other crimes evidence does not "substantially outweigh" its probative value.

Separately, to the extent the defendants may choose to testify at trial, the Government seeks to impeach their credibility with their prior felony convictions.   As discussed further below, with respect to Defendant Douglas, where the Government introduces prior firearms possession convictions as other crimes evidence, the Defendant Douglas will not be prejudiced by the Government using those same convictions for impeachment purposes if he chooses to testify in his defense.

## FACTUAL BACKGROUND

On Wednesday, April 22, 2020, at approximately 2:59 p.m., members of the Metropolitan Police Department (MPD), Narcotics and Special Investigations Division (NSID), were conducting an observation post in the 2300 block of 15th Street, Northeast, Washington, D.C. An undercover officer (UC 2268) observed an individual, later identified as Theodore Douglas (Defendant Douglas), standing in the walkway between 2315 and 2317 15th Street, Northeast. An individual, later identified as Tavonte Williams (Defendant Williams), approached Defendant Douglas. Defendant Williams handed Defendant Douglas a black bag with shoulder straps. Defendant Douglas appeared to UC 2268 to be in a hurry to take off the blue jacket he was wearing, put the black bag just handed to him by Defendant Williams onto his back, and then put his blue

jacket on over the black bag. After this, UC 2268 observed Defendant Douglas give Defendant Williams an unknown amount of U.S. currency, completing the exchange with a handshake. UC 2268's training and experience, as well as what appeared to be Defendant Douglas's hurried attempt to remove his jacket and conceal the backpack under the jacket, led UC 2268 to believe that Defendant Douglas had just purchased something illegal from Defendant Williams.

UC 2268 alerted other officers in the area and officers moved in to stop both Defendant Williams and Defendant Douglas. Defendant Douglas was stopped by Officer Poupart and Defendant Williams was stopped by Officer Gabster. Both individuals stopped were positively identified by UC 2268 as the individuals observed exchanging the backpack and U.S. currency. Defendant Douglas was wearing a backpack under his jacket, as observed by UC 2268. Officer Poupart conducted an external frisk of the backpack worn by Defendant Douglas and immediately felt what he recognized to be a firearm. Officer Poupart opened the backpack and observed a firearm inside.

Defendant Williams and Defendant Douglas were placed under arrest. Defendant Douglas was also determined to have a bench warrant.   The firearm that was recovered from the backpack that Defendant Williams was seen handing to Defendant Douglas was determined to be a Sig Sauer, model P320, .40 caliber semiautomatic handgun with an obliterated serial number.   When the firearm was recovered, it was loaded with one (1) round in the chamber and twelve (12) rounds in a thirteen (13) round capacity magazine.   Portions of the officers' contact with the defendants were captured on police body worn camera (BWC) video, including the discovery of the firearm. During a search incident to arrest of Defendant Williams, officers recovered two iPhones. Officers did not recover any money from Williams's person at the time of his arrest.

A criminal history check of Defendant Williams confirmed that Williams has prior felony convictions in the Superior Court for the District of Columbia.  Defendant Williams was convicted in the following cases: (1) Criminal Case No. 2017 CF2 00287 for Distribution of Phencyclidine-- sentence of 20 months of imprisonment with 14 months suspended; (2) Criminal Case No. 2015-CF2-006932 for Unlawful Possession of Liquid Phencyclidine While on Release— sentence of 12 months of imprisonment with 12 months suspended.  Defendant Douglas has the following convictions, which include felony offenses from the Superior Court for the District of Columbia and the Circuit Court for Prince George's County, Maryland: (1) Criminal Case No. 2013-CF2-006028 for Unlawful Possession of a Firearm (Prior Conviction)-- sentence of 18 months of imprisonment; and (2) Criminal Case No. CT090351X for Carrying a Handgun-- sentence of 3 years of imprisonment with 3 years suspended.

Forensic testing conducted of the firearm did not reveal usable fingerprints on the firearm. Furthermore, analysis of DNA on the firearm presumptively excluded Defendant Williams as a contributor to the mixture of male DNA found on the firearm.   In addition, the DNA recovered from the firearm was not suitable for uploading into the Combined DNA Index System (CODIS).[1]

### Evidence of Prior Firearms Possession Convictions, Possession of Firearms, and Communications About Firearms

To establish guilt beyond a reasonable doubt, the Government seeks to introduce, pursuant to Rule 404(b) of the Federal Rules of Evidence, the facts relating to the Defendant Douglas's prior possessory firearms convictions, as well as several photographs and a video showing the

---

[1] Based upon the circumstances surrounding the transfer of the firearm from Defendant Williams to Defendant Douglas and the seizure of the gun prior to any opportunity for Douglas to have handled it, the government has not sought a search warrant to obtain a sample of Defendant Douglas's DNA to compare to the DNA sample recovered from the seized firearm.

defendant in possession of firearms on occasions prior to his arrest in this case.   In addition, Defendant Douglas discussed purchasing firearms in text messages seized from his iCloud account.   With respect to both Defendants Williams and Douglas, the government seeks to introduce pursuant to Rule 404(b) a text message dated February 26, 2020, from Williams to Douglas of a FaceTime screen shot image of a masked individual holding a firearm.   This screen shot appears to be from a FaceTime conversation Williams was having with an individual who was in possession of a firearm, in which Williams's face appears in the upper left-hand corner of the screen shot.   Because the firearm both defendants are charged with possessing in this case was constructively possessed (recovered from inside of a backpack handed by Williams to Douglas) the issue of each defendants' knowledge and intent to possess the firearm will be a disputed issue of fact.

A.      404(b) Evidence Related to Douglas

The Government seeks to introduce evidence pursuant to Federal Rule of Evidence 404(b) relating to Defendant Douglas's prior convictions in D.C. Superior Court, Criminal Case No. 2013-CF2-006028, for Unlawful Possession of a Firearm (Prior Conviction), and in Prince George's County Maryland, Criminal Case No. CT090351X, for Carrying a Handgun.   In case number 2013-CF2-006028, Defendant Douglas pled guilty and admitted to possessing a loaded .22 caliber revolver on April 11, 2013, which was recovered from his jacket after he fled from police while standing in the 2300 block of 15th Street, NE, the exact same location of his arrest in the instant case.   In case number CT090351X, the defendant pled guilty on April 7, 2010 and admitted to possessing a .357 caliber firearm recovered from his person on February 17, 2009.   The government anticipates presenting the 404(b) evidence of the defendant's prior convictions

through the judgment and conviction orders in each case and the transcripts of the defendant's plea hearings, during which he admitted to possessing the firearms.[2]

The government also seeks to admit evidence of Defendant Douglas's prior possession of firearms through the admission of the two photographs and one video, which depict Douglas in possession of firearms.   In addition, the government seeks to admit evidence through text messages and images attached those messages from February of 2020, in which the Douglas discussed the purchase of firearms with an unidentified individual.   This evidence was recovered from Defendant Douglas's cellular telephone and Apple iCloud account pursuant to the execution of two judicially authorized search warrants.

   *i.*  *Images Recovered from Defendant Douglas's Cellular Telephone.*

The following image, which shows Defendant Douglas in possession of a firearm, was recovered from Douglas's cellular telephone in a thumbnail dated November 19, 2019:[3]



---

[2] The government has recently obtained the transcripts of the plea proceedings in each case and is in the process of preparing to provide them in discovery.

[3] The cellular telephone from which this image was recovered was in found in possession of co-defendant Tavonte Williams at the time both defendants were arrested in this case.   The phone number for the cellular telephone is 202-908-8303, which is a T-Mobile phone subscribed in Defendant Douglas's name.   Defendant Douglas is also linked to this cellular telephone based upon the numerous photos of him, which were recovered from the phone.



       *ii.*     *Images and Video Recovered from Defendant Douglas's Apple iCloud Account.*

A search warrant was also obtained for the Apple iCloud account linked to Douglas's cellular telephone number.   Recovered from the iCloud account were the following images/videos:

       a.    <u>Video of Defendant Douglas firing a weapon found within a text message string and dated May 8, 2019[4]</u>

---

[4] The full video is included with this motion as Exhibit A, and will be forwarded to chambers via email or disk.

+12026074374 Feetz

Cool

**Status:** Read
**Read:** 5/8/2019 3:35:52 PM(UTC-4)

5/8/2019 3:35:40 PM(UTC-4)

Source Extraction:
Legacy (1)
Source Info:
Jugg's iPhone (iPhone XR)/Library/SMS/sms.db : 0x2C2224 (Table: message, handle, chat,
Size: 11755520 bytes)

+12403004175 +1 (240) 300-4175

My New toy like dat

**Attachments:**



Size: 55607743
File name: IMG_1043.MOV
IMG_1043.MOV

**Status:** Sent
**Delivered:** 5/8/2019 3:56:06 PM(UTC-4)

5/8/2019 3:55:55 PM(UTC-4)

Source Extraction:
Legacy (1)
Source Info:
Jugg's iPhone (iPhone XR)/Library/SMS/sms.db : 0x2C3C18 (Table: message, chat,
attachment, Size: 11755520 bytes)
Jugg's iPhone (iPhone XR)/Library/SMS/Attachments/69/09/112A6F89-CD43-471B-8621-
57AB450A7459/IMG_1043.MOV : (Size: 55607743 bytes)



The above-referenced text message with video attachment from Defendant Douglas was sent using the predecessor telephone number (240-300-4175) to 202-908-8303.   Text messages from Douglas to several of his contacts confirmed that he subsequently changed his telephone number from 240-300-4175 to 202-908-8303.

b.   <u>Photo of Defendant Douglas in possession of a firearm</u>

The photograph attached below was sent to Defendant Douglas in a text message dated August 4, 2019.   Douglas appears to respond that the attached image is from "06."





Defendant Douglas is depicted in this photograph on the far left holding a firearm.

      c.    <u>Defendant Douglas inquires about the purchase price of firearms in text message strings</u>

Defendant Douglas conducted two text message conversations on February 6, 2020, and February 15, 2020, in which he discussed prices for firearms.   In each text message conversation, the contact sent Douglas photographs of the firearms for sale.   These text messages establish Douglas's past interest in purchasing firearms, which is consistent with the transaction he was conducting at the time of his arrest in the instant case, to wit, transferring money to co-defendant Tavonte Williams in exchange for the firearm recovered from Douglas's backpack.   Accordingly, these communications are relevant evidence and admissible under Rule 404(b) as establishing both knowledge of the presence of the firearm and intent to possess it.

**+13013796265 +1 (301) 379-6265**

Attachments:



Size: 2650734
File name: IMG_0240.JPG
IMG_0240.JPG

**Status:** Read
**Read:** 2/6/2020 8:38:27 PM(UTC-5)

2/6/2020 8:37:48 PM(UTC-5)

Source Extraction:
Legacy (1)
Source Info:
Jugg's iPhone (iPhone XR)/Library/SMS/sms.db : 0x54E23D (Table: message, handle, chat, attachment, Size: 11755520 bytes)
Jugg's iPhone (iPhone XR)/Library/SMS/Attachments/ad/13/9E312322-094B-40D1-8BC9-A2A42883FA80/IMG_0240.JPG :  (Size: 2650734 bytes)

**+12403004175 +1 (240) 300-4175**

We got 1200
**Status:** Sent
**Delivered:** 2/6/2020 8:39:24 PM(UTC-5)

2/6/2020 8:39:23 PM(UTC-5)

Source Extraction:
Legacy (1)
Source Info:
Jugg's iPhone (iPhone XR)/Library/SMS/sms.db : 0x54FF8D (Table: message, chat, Size: 11755520 bytes)

**+13013796265 +1 (301) 379-6265**

He ain't going do it
**Status:** Read
**Read:** 2/6/2020 8:43:09 PM(UTC-5)

2/6/2020 8:43:02 PM(UTC-5)

13



In this text message string, the individual texts Douglas an image of an assault-style rifle and

Douglas responds, "We got 1200," referring to the amount of money available to purchase the

weapon.   The individual replies via text message, "He ain't going to do it," indicating that the person selling the weapon will not agree to a purchase price of "1200."   A later text message string on February 15, 2020, discussing a separate firearm occurs between Douglas and the same telephone number:





+13013796265 +1 (301) 379-6265

I sent the wrong one

**Status:** Read

**Read:** 2/15/2020 11:58:53 AM(UTC-5)

2/15/2020 11:57:52 AM(UTC-5)

Source Extraction:
Legacy (1)
Source Info:
Jugg's iPhone (iPhone XR)/Library/SMS/sms.db : 0x57F598 (Table: message, handle, chat,
Size: 11755520 bytes)

+13013796265 +1 (301) 379-6265

**Attachments:**



Size: 6213066
File name: IMG_0310.jpeg
IMG_0310.jpeg

**Status:** Read

**Read:** 2/15/2020 11:58:53 AM(UTC-5)

2/15/2020 11:58:07 AM(UTC-5)

Source Extraction:
Legacy (1)
Source Info:
Jugg's iPhone (iPhone XR)/Library/SMS/sms.db : 0x57F36F (Table: message, handle, chat,
attachment, Size: 11755520 bytes)
Jugg's iPhone (iPhone XR)/Library/SMS/Attachments/b8/08/E61426BE-B28B-4161-8FF4-
30B53DEECE8D/IMG_0310.jpeg :  (Size: 6213066 bytes)

+13013796265 +1 (301) 379-6265

700

**Status:** Read

**Read:** 2/15/2020 11:58:53 AM(UTC-5)

2/15/2020 11:58:08 AM(UTC-5)

Source Extraction:



During the text string on February 15, 2020, the individual initially sends Douglas a photo of

firearm, and Douglas inquires, "How much," referring to the purchase price of the weapon.   The individual then sends a text indicating that he sent a photo of the wrong gun, and sent an n image of a second firearm with a follow up text indicating that the purchase price was "700."   There did not appear to be a reply text message from Douglas's phone to this text message.

      B.      <u>404(b) Evidence Relating to Williams and Douglas</u>

Also recovered through the search warrant of Defendant Douglas's iCloud account was the following image, which establishes that the on February 26, 2020, the image was sent via text from Williams's phone to Defendant Douglas's phone at number:





A close up of this image is below:

18



In the attached image, Defendant Williams's face appears in the upper left corner of the screen shot, which is consistent with a screen shot taken during a live conversation Williams had with the individual depicted holding the weapon, or someone who was with this person at the time of the conversation.

## ARGUMENT

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)).   As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929.   Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Bowie*, 232 F.3d at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).[5]

There is a two-pronged test for determining whether evidence of prior crimes is admissible

---

[5] The Government's proposed 404(b) evidence is narrowly tailored. *See United States v. Ford*, 15-cr-25 (PLF), 2016 WL 259640, at *6 (D.D.C. Jan. 21, 2016) (concluding that the defendant's "2012 arrest and juvenile adjudication for firearms possession [was] probative of his intent to possess firearms in the instant case"); *Dowling v. United States*, 493 U.S. 342, 349 (1990) (holding that evidence of an alleged offense that the defendant had been acquitted of committing could

under 404(b). First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted).   Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value.   *Id.*   Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Admission of 404(b) evidence is permitted in the Government's case-in-chief. Specifically, the Government is entitled to anticipate the Defendant's denial of intent and knowledge and introduce similar act evidence in its case-in-chief. *See United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the government's case-in-chief if it is apparent that the defendant will dispute that issue"); *United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other

---

nonetheless be admitted under Rule 404(b) in a subsequent proceeding).

crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the Government's case-in-chief).

## I.    THE DEFENDANT DOUGLAS'S PRIOR POSSESSION OF FIREARMS IS APPROPRIATE RULE 404(b) EVIDENCE FOR THE CHARGED OFFENSES

Here, evidence of the Defendant Douglas's prior possession of firearms, consisting of his prior convictions for possessing firearms, the images/video of him in possession of firearms, and his involvement in seeking to purchase a firearm, are relevant and probative to an issue other than character — in this case, that the charged act was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.   The probative value of this evidence is particularly compelling in this case, since defense counsel has made representations in several of the hearings in this matter that he plans to dispute the fact of the defendant's knowledge of the presence of the firearm inside of the backpack.   Indeed, since the backpack containing the firearms was removed from the defendant's person at the time of his arrest, as confirmed by body worn camera footage, the defendant will necessarily have to dispute any proof of knowledge of the presence of the firearm inside the backpack.   Furthermore, the defendant was arrested in possession of the firearm at the same location in the instant case, as he was in his 2013 conviction for unlawful possession of a firearm.

The Rule 404(b) evidence that the Government seeks to admit at trial is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in *Crowder II*, other narcotics evidence was admitted to show the defendant's knowledge, intent, and motive in the possession of the narcotics at issue in the case. 141 F.3d at 1208. The D.C. Circuit instructed:

> A defendant's hands-on experience in the drug trade cannot alone
> prove that he possessed drugs on any given occasion. But it can
> show that he knew how to get drugs, what they looked like, where
> to sell them and so forth.   Evidence of a defendant's experience in
> dealing drugs — evidence that is, of his 'bad acts' — thus may be a
> 'brick' in the 'wall' of evidence needed to prove possession.   *See*
> Fed. R. Evid. 401, advisory committee notes.

*Id.* at 1209 n.5; *United States v. Thorne*, Crim. No. 18-389 (BAH), 2020 WL 122985 *11 (D.D.C. Jan. 10. 2020).

Consistent with *Crowder II*, the D.C. Circuit has a longstanding and consistent rule of allowing the admission of "other crimes" evidence relating to the possession of drugs and firearms under Rule 404(b). *See, e.g.*, *United States v. McCarson*, 527 F.3d 170, 174 (D.C. Cir. 2008) (finding two prior PWID convictions and two firearm convictions "were not only relevant; they were also highly probative of both [the defendant's] intent to distribute the crack cocaine and his constructive possession of the gun and the drugs" (emphasis added); *Pettiford*, 517 F.3d at 590 (finding that prior conviction for distributing cocaine from his car "made it substantially more likely that [the defendant] knew that there was (and intended that there be) crack in the console of the Ford — and that he intended to distribute that crack"); *United States v. Douglas*, 482 F.3d 591, 597 (D.C. Cir. 2007) ("Evidence that [the defendant] previously possessed and distributed crack cocaine to an undercover police officer 'has a tendency to make' it 'more probable,' Fed. R. Evid. 401, both that he knew the nature of the substance . . . and that he intended to distribute it"); *United States v. Burch*, 156 F.3d 1315, 1324 (D.C. Cir. 1998) (finding evidence of prior arrest and conviction for attempted possession with the intent to distribute within the very same block was relevant to show knowledge and intent); *United States v. Latney*, 108 F.3d 1446, 1448 (D.C. Cir. 1997) (finding evidence of defendant's other possession of crack cocaine admissible in a trial charging the defendant with the aiding and abetting of distribution of crack); *United States v.*

*Washington*, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (finding 404(b) evidence of defendant's prior charges of distribution and possession with intent to distribute narcotics to be admissible to demonstrate intent, knowledge, plan, and absence of mistake); *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (finding evidence of defendant's prior drug trafficking admissible in PWID trial to show intent, preparation, plan and knowledge); *United States v. Johnson*, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (holding that it was proper to admit evidence of a prior drug transaction as bearing on intent to possess narcotics); *see also United States v. Moore*, 75 F. Supp. 3d 444, 451-452 (D.D.C. 2014) (finding prior unlawful possession of a firearm evidence admissible under Rule 404(b) to show intent or lack of mistake and citing *United States v. King*, 254 F.3d 1098, 1100 (D.C. Cir. 2001) ("[W]here a defendant is charged with unlawful possession of something, evidence that he possessed ... similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.")); *United States v. Knight*, No. 07-cr-81 (CKK), 2007 WL 1760929, at *5 (D.D.C. Jun. 18, 2007) ("Defendant's prior possession of a sizeable quantity of cocaine base and a smaller quantity of marijuana may be admitted for the purpose of demonstrating Defendant Knight's intent, knowledge, and absence of mistake with respect to his [PWID cocaine and marijuana charges] in the instant case").

Courts have consistently recognized that evidence of prior possession of contraband may be relevant to prove knowledge or absence of mistake under Rule 404(b) where the alleged possession of contraband is constructive, rather than actual possession.   *See*, *e.g.*, *United States v. Anderson*, 174 F. Supp. 3d 494, 499 (D.D.C. 2016) (collecting cases and distinguishing *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004) *(*involving actual, and not constructive possession) ("As such, the Court finds this case distinguishable from *Linares*, in that evidence of Anderson's

24

prior firearm possession may be relevant to prove knowledge or absence of mistake, as permitted under Rule 404(b), particularly where the alleged possession is constructive and not actual.").

Similarly, the proffered text messages establishing that Douglas recently sought to purchase firearms is highly probative of his knowledge and intent to possess the firearm recovered from the backpack.   This is particularly true where, as here, the government's evidence is expected to show that Douglas was observed handing Williams money in exchange for the backpack that contained the firearm.

Evidence admissible under Rule 404(b) is, of course, like all evidence, subject to the restrictions of Rule 403. *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984).   In this case, the highly probative value of the Government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to the Defendant.   Any potential prejudice is not unique to this case — where the Government has shown a permissible non-propensity purpose — but is endemic to all 404(b) evidence. Such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *Crowder II*, 141 F.3d at 1210).   Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. *See Crowder II*, 141 F.3d at 1210. The defense must show "compelling or unique" evidence of prejudice, *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995), distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence. The D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the jury. *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to

25

jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, because the Government's 404(b) evidence is not unduly prejudicial, its admission is appropriate.

The D.C. Circuit's decision in *United States v. Sheffield*, 832 F.3d 296 (D.C. Cir. 2016) does not prohibit admission of any of the proffered Rule 404(b) evidence, including the evidence of Defendant Douglas's 2010 conviction for carrying a handgun and the photograph of the defendant in possession of a firearm that the defendant appeared to claim in a text message was taken in approximately 2006.    In *Sheffield*, a divided panel held that it was error for the trial judge to have admitted in a narcotics trafficking case evidence under Rule 404(b) of the defendant's prior drug trafficking conviction that was 10 years old.   While the panel upheld the conviction and found the error harmless due to strength of the other evidence presented, the *Sheffield* panel held that due to the age of the conviction and the manner in which the 404(b) evidence was presented to the jury, its probative value was substantially outweighed by the danger of unfair prejudice. *Sheffield*, 832 F.3d at 308.   Notwithstanding the lack of any language used by the majority in *Sheffield* establishing a bright line rule precluding the use of convictions older than a decade, nor the inclusion of any such temporal restrictions within the text of Rule 404(b), defendants have routinely cited it for the proposition that *Sheffield* stands for this *per se* prohibition.

However, in *Thorne*, 2020 WL 122985, Chief Judge Beryl A. Howell, conducted an in depth analysis of the decision in *Sheffield*, and concluded that the D.C. Circuit did not establish a *per se* prohibition on the admission of convictions that are older than a decade under Rule 404(b). *Id.* at *1.   In *Thorne,* the defendant was charged with drug trafficking offenses and the

26

government sought to admit under Rule 404(b), *inter alia,* evidence of *Thorne's* drug trafficking conviction that was over 20 years old.   *Id.*   In ruling that evidence related to the conviction would be admitted, Chief Judge Howell rejected the defendant's argument that the decision in *Sheffield* barred admission of this conviction due solely to the fact that it was over 20 years old. *Id.*   In so holding, Chief Judge Howell noted that interpreting *Sheffield* to stand for such a proposition was inconsistent with long-standing precedent in the D.C Circuit concerning the admission of 404(b) evidence, as well as with precedents from the other circuits.   *Id.* at * 16, 18.

Chief Judge Howell noted that *Sheffield's* "holding depends not on the age of the prior conviction alone but also on the context in which that conviction was presented."   *Id.* at *15. The context to which the court in *Thorne* was referring was, "as Rule 403 contemplates, the scarcity or abundance of other evidence on the same point."   *Id.*   Chief Judge Howell then noted that in *Sheffield,* the majority found that based upon the weight of the other evidence against the defendant, admission of the decade old conviction under Rule 404(b) was harmless.   *Id.* (citing *Sheffield*, 832 F.3d at 309).   Thus, Chief Judge Howell reasoned that "reading *Sheffield* as not excluding 'other bad acts' based upon temporal remoteness alone would be consistent with rulings from other circuits, which have rejected the suggestion that a temporal bright-line rule of exclusion should, or could, be drawn for 404(b) evidence."   *Id.* at *16 (citations omitted).

Chief Judge Howell then emphasized that factors such as the similarity of the prior crime to be admitted pursuant to Rule 404(b) and the "theory of admissibility for non-propensity purpose" will enhance the probative value of prior bad acts that may be temporally remote.   *Id.* at *17-18.   Indeed, the court noted in *Thorne* that, "[p]re-*Sheffield* cases emphasized the 'likeness of the allegations' in finding prior drug trafficking evidence highly probative and therefore

27

admissible," and "repeatedly deemed prior trafficking evidence highly probative, particularly in constructive possession cases, where the key disputed issue is whether the defendant's possession was knowing and intentional."  *Id.* at *18 (citations omitted).

With respect to the proposed admission of the 404(b) against Defendant Douglas, only the 2010 conviction for carrying a handgun (which falls just outside of 10 years old) and the photograph from 2006 of Douglas holding a gun implicate the staleness issue raised in *Sheffield*. However, applying the principles discussed in *Thorne*, the extremely similar nature of the 404(b) evidence referenced *supra*, coupled with the government's theory of admissibility, to wit, establishing the defendants' knowledge of the firearm and intent to possess it in a constructive possession case significantly enhances the probative value of this evidence.   Accordingly, based upon Rules 404(b) and Rule 403, the proposed 404(b) evidence should be admitted at trial to establish the defendant's knowledge of the presence of the firearm and his intent to possess it.

## II.    DEFENDANT WILLIAMS'S TEXT MESSAGE TO DOUGLAS OF AN IMAGE OF A MALE HOLDING A FIREARM IS APPROPRIATE 404(b) EVIDENCE AGAINST BOTH WILLIAMS AND DOUGLAS

As set forth in the attached text message *supra,* Defendant Douglas asked Defendant Williams to send him "that screen shot," which clearly indicated that Douglas was previously aware of the existence and the content of the image that depicted a masked individual holding a firearm.   The image itself, and the fact that it was sent by Williams to Douglas at Douglas's request, demonstrates that the two defendants have a knowledge of firearms, and a history of communicating about firearms.   Furthermore, the temporal proximity of this text message—less than two months before their arrest in this case, enhances the probative value of this 404(b) evidence.   The evidence at trial will show that Williams handed the backpack containing the

28

firearm to the Douglas.    Like Douglas, Williams will no doubt argue that the government cannot prove his knowledge of the presence of the firearm inside of the backpack, particularly in light of the DNA test results that indicate Williams is presumptively excluded as a contributor to the DNA mixture found on the firearm.    Accordingly, a central issue in the case against Williams will be his knowledge of the presence of the firearm inside the backpack.    The prior communication about a firearm between the two defendants is highly probative of both defendants' knowledge of the gun recovered from the backpack, and therefore, should be admitted.    Any potential prejudice from the admission of this evidence can be mitigated through the issuance of a limiting instruction.

## III.    THE GOVERNMENT SHOULD BE PERMITTED TO IMPEACH THE DEFENDANTS WITH THEIR PRIOR FELONY CONVICTIONS SHOULD THEY TESTIFY AT TRIAL

Rule 609 of the Federal Rules of Evidence allows "for the admission of a defendant's prior convictions for purposes of impeachment, as long as the 'crime . . . was punishable by death or by imprisonment for more than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect." *Ford*, 2016 WL 259640, at *7 (quoting *United States v. Moore*, 75 F. Supp. 3d 444, 453 (D.D.C. 2014); Fed. R. Evid. 609(a)(1)). The Rule sets a higher bar for felonies where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b).   In those instances, admission is still appropriate if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

Assuming arguendo, "the Court has already concluded that the jury should hear about [a] prior conviction[] under Rule 404(b), it does not need to consider [its] prejudicial effect for Rule 609 impeachment purposes," when the Court has already conducted a prejudice analysis in the

Rule 404 context. *Ford*, 2016 WL 25964099, at *7 (citation and punctuation omitted); *accord Thorne,* 2020 WL 122985 at *25; *Moore*, 75 F. Supp. 3d at 456 (collecting federal circuit court cases declining to find prejudice based on the Government's additional use of a prior conviction for Rule 609 purposes where the trial court had already permitted the prior conviction for use in the Government's case-in-chief under Rule 404(b)); *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) ("Here, the prior conviction already was admitted under Rule 404(b), and the danger of unfair prejudice by repetition of the evidence was negligible."); *United States v. Lattner*, 385 F.3d 947, 961 (6th Cir. 2004) ("[T]he prejudicial effect of the evidence was minimal, as the prosecution had already properly introduced, under [Rule] 404(b), evidence of [defendant's] prior involvement in drug transactions.").

Moreover, the D.C. Circuit has also instructed that "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980).

Any similarity between the Defendant Douglas's past crimes and his current charges also do not render otherwise relevant evidence inadmissible.  In *Lewis*, the defendant was charged with, among other things, distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. 626 F.2d at 943, 947. The D.C. Circuit held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, *id.* at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior

30

conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. *Id.* at 950.

### A.    Defendant Douglas

In this case, the Government is seeking to impeach Defendant Douglas with the following prior convictions:

- Unlawful Possession of Firearm (Prior Conviction) (July 26, 2013, Conviction – Washington, D.C., Criminal No. 2013-CF2-6028);

- Carrying a Handgun (April 7, 2010, Conviction – Prince George's County, MD, Docket No. CT090351X).

The 2013 conviction falls within ten years of the defendant's arrest in this case and the "probative value" clearly outweighs the "prejudicial effect."   Further, with respect to the 2010 conviction, as set forth above, should this Court determine that evidence of this conviction may be admitted pursuant to Rule 404(b), there is significant legal authority holding that any prejudice resulting from admission for another purpose is "minimal."   *See Thorne,* 2020 WL 122985 at *25.

### B.    Defendant Williams

In this case, the Government is seeking to impeach Defendant Williams with the following prior convictions:

- Distribution of a Controlled Substance—PCP (June 19, 2017—Conviction, Washington, DC, Criminal No. 2017-CF2-02087)

- Unlawful Possession of Liquid PCP—Offense Committed During Release (May 25, 2017—Conviction, Washington, DC, Criminal No. 2015-CF2-06932)

Both convictions fall within the 10 year period of the defendant's arrest, and the probative value of these convictions outweigh any prejudicial effect from their admission should Defendant Williams choose to testify.

Accordingly, the jury should be afforded the opportunity to learn of the Defendants' prior convictions when evaluating their credibility should either choose to testify at trial.

## CONCLUSION

Accordingly, for the forgoing reasons, the Government respectfully requests that the Court permit at trial the introduction of its proffered other crimes evidence, and permit the Government to impeach the Defendants with their prior convictions if either chooses to testify at trial.

Respectfully submitted,

MICHAEL R. SHERWIN
United States Attorney
N.Y.S. Bar No. 4444188

By:     _____/s/_____
STEVEN B. WASSERMAN
DC Bar No. 453251
Assistant United States Attorney
555 4th Street, N.W. 4th Floor
Washington, D.C. 20001
(202) 252-7719 (Wasserman)
Steve.wasserman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served via ECF to counsel for the defendants, this 20th day of August 2020.

_____/s/_____
STEVEN B. WASSERMAN
Assistant United States Attorney

32