**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No.: 20-cr-121 (CN) |
| v. | : | |
| | : | |
| TAVONTE WILLIAMS | : | |
| THEODORE DOUGLAS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO
GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the defendants' opposition (ECF #s 38, 39) to the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) (ECF #28). In support of this opposition, the United States relies on the points and authorities set forth below.

**PROCEDURAL BACKGROUND**

On August 20, 2020, the government filed its Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) and to Impeach the Defendants With Their Prior Convictions Should They Testify at Trial Pursuant to Federal Rule of Evidence 609. The government's motion outlined seven separate incidents establishing Defendant Douglas' prior possession of firearms, his communications about purchasing firearms from unknown individuals, and his prior communication about firearms with co-defendant Williams. ECF #28 at 5-20. These instances of prior bad acts broke down into the following categories: (1) two prior

1

possessory firearms convictions of Douglas; (2) text messages that included Douglas depicted in two photos possessing firearms, as well as a video showing him actually firing a gun;[1] (3) text messages establishing Douglas negotiating the purchase price for firearms; and (4) with respect to both Douglas and Williams, a text message of a screen shot sent by Williams to Douglas of Williams speaking to a masked individual holding a firearm.  The government asserted permissible, non-propensity purposes for admission of the aforementioned evidence, to wit, to prove knowledge/intent to possess the firearm, and absence of mistake or accident on the part of both of the defendants.  *Id.* at 22-25.

On September 4, 2020, both Defendants Williams (ECF #38) and Douglas (ECF #39) filed oppositions to the government's motion.  Defendant Williams' arguments in support of his opposition consist mainly of two arguments: (1) he is actually innocent of the crime for which he is charged; and (2) the proposed evidence under Fed R. Evid. 404(b) in which Williams texted to Douglas, at Douglas' request, a screenshot of himself speaking to a masked individual holding a firearm is "entirely dissimilar from the alleged conduct at issue, and does not show Mr. Williams doing anything wrong…"  ECF #38 at 6.  In support of his opposition motion, Douglas asserts the following three arguments: (1) the proffered evidence is not relevant, because Douglas is willing to stipulate to the underlying predicate element that he has been convicted of an offense for which the maximum penalty exceeds one-year of imprisonment; (2) the proffered 404(b) evidence is offered only for the impermissible purpose of demonstrating criminal propensity; and (3) even if there is a permissible purpose for the evidence under Rule 404(b), the probative value

---

[1] Defense counsel for Defendant Douglas appears to mischaracterize the video of his client actually shooting a gun as a "photo, purportedly of Mr. Douglas possessing an alleged firearm sent in a text message in May 2019."  ECF #39 at 1.

2

of the evidence is substantially outweighed by the danger of unfair prejudice. ECF #39 at 4-8. The arguments of both defendants are without merit and should be rejected by this Court.

## ARGUMENT

*A. The Proffered 404(b) Evidence Against Defendant Douglas is Probative of Both Knowledge and Absence of Mistake or Accident, and is Admissible Under Rule 404(b).*

Defense counsel's initial argument that the proffered evidence under Rule 404(b) is not relevant, because he is willing to stipulate that he is a convicted felon obfuscates the central issue raised by the government's motion and which will also be the cornerstone of the defendant's defense. The government is not offering the evidence to prove the predicate element under 18 U.S.C. § 922(g)(1) that the defendant has a prior felony conviction. The jury instruction for 18 U.S.C. § 922(g)(1) is as follows:

1. The defendant **knowingly** possessed a firearm and/or ammunition;
2. At the time of the charged act, the defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;
3. At the time of the charged act, the defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and
4. The firearm or ammunition had been transported in interstate commerce.

*Red Book Instruction, 6.553.* (emphasis added). As established by the jury instruction cited *supra,* the government must prove that the defendants knowingly possessed the firearm. The arguments made by defense counsel concerning proof of the predicate felony conviction and the legal authority cited in his motion are inapposite. None of the cases cited by defense counsel addresses the admissibility under Fed. R. Evid. 404(b) of prior convictions or bad acts to prove *knowledge* (or absence of mistake or accident), which are specifically enumerated as permissible uses for such

evidence under Rule 404(b).

Defense counsel fails to address in his motion the myriad of cases cited in the government's motion in which courts have admitted evidence of an accused's prior possession of firearms and/or drugs to prove knowledge and absence of mistake or accident for similar, newly charged offenses. ECF #28 at 22-25. Defense counsel further attempts to obfuscate the core issue in this case-- Defendant Douglas' knowledge of the presence of the firearm in the backpack, by attempting to argue that the theory of constructive possession is inapplicable here because Defendant Douglas was in actual possession of the backpack in which the firearm was concealed.[2] The strained logic of the Defendant's claim that principles of constructive possession are inapplicable here is aptly demonstrated by reviewing the D.C. Circuit's decision in *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004). In *Linares,* the D.C. Circuit found admission of the accused's prior gun possession to be inappropriate 404(b) evidence because Linares's prior possession of a firearm was only offered to prove knowledge, absence of mistake or accident in a case where the evidence presented could only support a finding of actual possession. Specifically, the Government's evidence in *Linares* included the "virtually unchallenged" testimony of an officer who observed Linares fire the weapon. *Id.* at 947. Accordingly, the Court in *Linares* determined that no reasonable juror could believe the government's evidence that the defendant possessed the gun while also believing that he did not also know that the item he possessed was a gun. *Id.* As a

---

[2] That the issue of Defendant Douglas' (and Defendant Williams') knowledge of the presence of the firearm will be the backbone of his defense is established through defense counsel's argument during the preliminary hearing. *See Preliminary Hearing Transcript, U.S. v. Theodore Douglas, 20-MJ-068, May 27, 2020,* ECF #34, Exhibit B at p. 49. Defense counsel made similar arguments at the detention hearing concerning the alleged lack of evidence of his client's knowledge of the firearm inside the backpack.

result, the Court held that proof of the accused's prior possession of a firearm was not probative of knowledge or absence of mistake or accident. *Id.*

In the instant case, the government's evidence will establish through officer testimony and body worn camera (BWC) footage that the gun was concealed in the backpack that Douglas had received only moments earlier from co-defendant Williams. There is no evidence that Douglas or Williams were ever observed in actual possession of the firearm by either holding it or possessing it in such a manner that it could not be seriously contested that they were unaware of its presence. The fact that Douglas was in actual possession of the backpack in which the firearm was concealed does not convert Douglas' possession of the firearm into a case of actual possession, thereby removing the relevance of proving knowledge and absence of mistake or accident. As discussed in *Linares*, in the instant case, because of the manner in which the firearm was concealed in the backpack, a reasonable juror could accept the government's evidence that each defendant possessed the backpack, but that neither defendant was aware of the gun's presence inside, and therefore, had not knowingly possessed the firearm. *Id.* at 949-950. Accordingly, the issue of knowledge and absence of mistake or accident remains highly relevant, and the proffered 404(b) evidence is highly probative on these issues.

    B.    *The Screenshot Texted By Williams to Douglas is Probative of Each Defendant's Knowledge of the Firearm Recovered from the Backpack.*

Defendant Williams claims that because the screenshot he texted to Douglas does not show that he is in possession of the firearm, and does not involve Williams engaged in the transfer of a gun to Douglas, the only possible purpose the proffered evidence could have is to impugn Defendant Williams' character. ECF #38 at 6. The government submits that the screenshot is highly probative on the issue of both defendants' knowledge and absence of mistake or accident

concerning the firearm seized in this case. First, the government's theory of the case and its evidence will establish that Williams transferred the backpack that contained the firearm to Douglas. This evidence will consist of eyewitness testimony as well as phone records, which show that Douglas and Williams had communicated by phone shortly before they were arrested, presumably to arrange to meet for the transfer of the weapon.

The proffered screenshot texted by Williams to Douglas not only shows that the two are acquainted with each other, but more significantly, that they have had prior communications about firearms. Enhancing the probative value of this communication is the fact that it occurred in February of 2020, less than two months before the incident that gave rise to the current charge. The proffered screenshot demonstrates a relationship between the two defendants that includes communicating about firearms, and clearly tends to establish that it is more likely than not that Williams knowingly transferred the gun to Douglas, and that Douglas knowingly received that weapon. Defendant Williams should not be permitted to put on a defense that would falsely make it appear to the jury that he and Douglas have never had any communications or dealings with each other that have concerned firearms, while simultaneously asserting that there is no evidence that he had knowledge of the presence of the firearm inside the backpack.

    C. *The Proffered 404(b) Evidence is not Overly Prejudicial and A Limiting Instruction is the Appropriate Means By Which to Mitigate Any Potential Prejudice.*

Neither defendant has asserted anything but conclusory claims that admission of the proffered 404(b) evidence will be unfairly prejudicial. As discussed in the government's initial motion, mitigating potential prejudice arising from admission of 404(b) evidence should be done in most cases through providing limiting instructions to the jury, not excluding highly probative evidence. ECF #28 at 25-26. The proffered 404(b) evidence against each defendant is discrete,

6

narrowly tailored, and can be easily compartmentalized by the jury as to each defendant. A limiting instruction that informs the jurors as to the proper uses for the 404(b) evidence, and to which defendant each prior incident may be considered is sufficient to guard against any undue prejudice from its admission.

Wherefore, for the forgoing reasons, the Government respectfully requests that the Court permit at trial the introduction of its proffered other crimes evidence, and permit the Government to impeach the Defendants with their prior convictions if either chooses to testify at trial.

Respectfully submitted,

MICHAEL R. SHERWIN
United States Attorney
N.Y.S. Bar No. 4444188

By: /s/
STEVEN B. WASSERMAN
DC Bar No. 453251
Assistant United States Attorney
555 4th Street, N.W. 4th Floor
Washington, D.C. 20001
(202) 252-7719 (Wasserman)
Steve.wasserman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served via ECF to counsel for the defendants, this 18th day of September 2020.

/s/
STEVEN B. WASSERMAN
Assistant United States Attorney